UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF OLGA KURBATOVA FOR AN ORDER UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM LYXOR ASSET MANAGEMENT INC. AND ELLIOT DANILOFF | Case No. _____ |

**EX PARTE APPLICATION OF OLGA KURBATOVA FOR AN ORDER UNDER 28 U.S.C. § 1782 TO TAKE DISCOVERY FROM LYXOR ASSET MANAGEMENT INC. AND ELLIOT DANILOFF**

KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Tel. +1 212 488 1200
Fax. +1 212 488 1220

*Attorneys for Applicant Olga Kurbatova*

Based on the accompanying memorandum of law and declarations, Applicant Olga Kurbatova (the "Applicant" or "Ms. Kurbatova") respectfully petitions this Court for an order pursuant to 28 U.S.C. § 1782 ("Section 1782") authorizing her to take discovery from Lyxor Asset Management Inc. ("Lyxor"), a corporation registered in New York, and Elliot Daniloff for use in pending and contemplated proceedings in Switzerland (the "Swiss Proceedings").

Ms. Kurbatova's application meets the three statutory requirements set forth in Section 1782. First, the parties from whom discovery is sought, Lyxor and Mr. Daniloff, are present within the Southern District of New York. Second, the documents and deposition testimony requested are "for use" in the Swiss Proceedings, which are foreign proceedings. Third, as the potential plaintiff and complainant in the Swiss Proceedings, Ms. Kurbatova qualifies as an "interested person" under Section 1782.

Further, the four discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) weigh in favor of granting Ms. Kurbatova's application. First, the targets from whom discovery is sought, Lyxor and Mr. Daniloff, are not participants in the foreign Swiss Proceedings. Second, under Swiss law, any evidence Ms. Kurbatova is able to obtain from this application would be acceptable, meaning Swiss courts are receptive to U.S. judicial assistance. Third, Ms. Kurbatova is not attempting to circumvent foreign proof-gathering restrictions or other policies, as Section 1782 requires neither that the evidence be discoverable nor admissible in the foreign tribunal. Finally, Ms. Kurbatova's discovery requests are not unduly intrusive or burdensome, but rather seek a targeted set of documents and depositions relating to investment products transacted in her account.

Accordingly, and for the reasons described in her memorandum of law, Ms. Kurbatova respectfully requests that the Court grant her permission to serve Lyxor and Mr. Daniloff with the subpoenas attached as Exhibits 1 and 2 to the Declaration of Jonathan Cogan.

Dated: New York, New York
October 11, 2018

        Respectfully submitted,

        **KOBRE & KIM LLP**

        s/ _____
        Steven W. Perlstein
        steven.perlstein@kobrekim.com
        Jonathan D. Cogan
        jonathan.cogan@kobrekim.com
        Kelly Spatola
        Kelly.spatola@kobrekim.com
        Kobre & Kim LLP
        800 Third Avenue
        New York, New York 10022
        Telephone: (212) 488-1200
        Facsimile: (212) 488-1220

        *Attorneys for Applicant Olga Kurbatova*