# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200

NEW YORK
LONDON
HONG KONG
SHANGHAI
SEOUL
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

November 16, 2018

**BY ECF**

Hon. Ronnie Abrams
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: In re Application of Olga Kurbatova
       18-MC-469(RA)

Dear Judge Abrams:

  We represent the applicant Olga Kurbatova in the instant application pursuant to 28 U.S.C. § 1782 (the "Application") for an order to take discovery from Lyxor Asset Management Inc. and Elliot Daniloff (the "Respondents") for use in pending and contemplated foreign civil and criminal proceedings in Switzerland against Credit Suisse AG and Patrice Lescaudron.  We write in response to the Court's November 13, 2018 Order (the "Order"), to update the Court on service on Respondents and Credit Suisse AG, and to request a modification of the order with respect to Mr. Lescaudron.  For the reasons that follow, we respectfully request that the Court amend the Order and *not* require service on Mr. Lescaudron.

  With respect to service on the Respondent, Lyxor Asset Management Inc., Ms. Kurbatova served Lyxor on November 14 and proof of service will be filed forthwith.   With respect to Mr. Daniloff, service has been attempted a number of times since the Order, but he is not yet served.  Our process servers are continuing to attempt to serve him, and once he has been served, we will file proof of service.  With respect to Credit Suisse AG, while it does not have an agent for service of process in New York, Ms. Kurbatova served Credit Suisse AG via its registered agent in Florida on November 15, 2018, and will file proof of service forthwith.  Also, in attempt to ensure that Credit Suisse has prompt notice of Your Honor's Order, we have contacted U.S. counsel to Credit Suisse Holdings (USA) Inc., Credit Suisse (USA) Inc., Credit Suisse Securities (USA) LLC, and

Judge Abrams
November 16, 2018
Page 2

Credit Suisse Asset Management, LLC, and who we expect may represent Credit Suisse AG in this proceeding, and provided them with a copy of the Application and the Order.

With respect to Mr. Lescaudron, Ms. Kurbatova requests that she not be required to serve him for the reasons discussed below.

*First*, it is impossible for Ms. Kurbatova to formally serve Mr. Lescaudron, who we understand is in Switzerland, within the time allotted by the Court. Pursuant to Federal Rule of Civil Procedure 4, service on Mr. Lescaudron, who is "not within any judicial district of the United States," must be accomplished by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Convention"). Fed. R. Civ. P. 4(f)(1). Both Switzerland and the United States are parties to the Convention,[1] which applies in all civil cases where, as here, there is "occasion to transmit a judicial or extrajudicial document for service abroad," Convention Art. 1, T.I.A.S. No. 6638, 1969 WL 97765 (Feb. 10, 1969). "Compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Thus, to serve Mr. Lescaudron in Switzerland as ordered by the Court, Ms. Kurbatova will need to comply with the Convention. Service pursuant to the Convention, however, cannot be completed in two days. Among other things, the documents must first be translated into German, French, or Italian, depending on the part of Switzerland where they will be served,[2] and then transmitted to the designated "Central Authority" in Switzerland to begin a time-consuming and costly process for service.[3] *See, e.g., Itel Container Int'l Corp. v. Atlanttrafik Exp. Serv., Ltd.*, 686 F. Supp. 438, 444 n.9 (S.D.N.Y. 1988) (stating that service through the Convention is "a time-consuming process even in an English-speaking jurisdiction" and noting that service in London took more than 180 days).

*Second*, extending the deadline to serve Mr. Lescaudron to permit formal service under the Convention would not remedy the issue. Ms. Kurbatova seeks the requested documents from the Respondents for use in, among other things, Mr. Lescaudron's re-trial before the Criminal Court of Appeal, which is scheduled for January 2019. If the Convention procedure is followed, it is highly unlikely that Ms. Kurbatova would receive the requested documents in advance of trial. *See id.*

*Third*, we are informed by our Swiss counsel that any attempt to bypass the Convention—for example, if we were simply to provide informal notice to Mr. Lescaudron by mailing and/or emailing a copy of the Application and Order to his Swiss counsel in the pending criminal

---

[1] *See* HCCH Switzerland, https://www.hcch.net/en/states/hcch-members/details1/?sid=73 (last visited November 15, 2018); HCCH United States of America, https://www.hcch.net/en/states/hcch-members/details1/?sid=76 (last visited November 15, 2018).

[2] *See* Switzerland Judicial Assistance Country Information, U.S. Dep't of State, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Switzerland.html (last visited November 15, 2018).

[3] While some parties to the Convention permit service via mail or other more streamlined methods of service, Switzerland does not permit such alternate service. *Id.*

Judge Abrams
November 16, 2018
Page 3

proceedings in Switzerland—would likely violate Article 271 of the Swiss Criminal Code and expose those causing the improper service to monetary penalties and possible jail time. *See* Swiss Criminal Code Art. 271 § 1 (prohibiting any attempt at service "without lawful authority").[4]

*Finally*, service on Mr. Lescaudron is not mandatory. While Federal Rule of Civil Procedure 45 requires service of third party subpoenas on parties to the underlying litigation[5] and the Federal Rules of Civil Procedure govern subpoenas issued under 28 U.S.C. § 1782, it is within this Court's authority to "prescribe otherwise." 28 U.S.C. § 1782. Here, the time-sensitive nature of the Application, coupled with the mandatory and time-consuming Convention procedure and no lawful alternatives, justify an exception to Rule 45's notice requirement. Further, courts have declined to require notice where doing so would defeat the purpose of Section 1782 of providing efficient assistance to participants in international litigation and encouraging foreign countries to provide similar assistance to the U.S. courts. For example, in *In re Letter of Request from Government of France*, 139 F.R.D. 588, 589-91 (S.D.N.Y. 1991), the court declined to give the party to the foreign proceeding—there, a criminal defendant in a pending criminal investigation in France—notice of or access to depositions sought via Section 1782 or even access to the Section 1782 application itself where he had no such right to the information under French procedure. Similarly here, we are informed by Ms. Kurbatova's Swiss counsel that Swiss criminal defendants have no right to pre-trial review of documents to be submitted by criminal complainants (such as Ms. Kurbatova) at trial, or to receive previews of their legal theories and strategies. Moreover, there would be no prejudice to Mr. Lescaudron, as he would be permitted to adjudicate the admissibility of any discovery received by Ms. Kurbatova in response to the Application in the pending and contemplated Swiss proceedings at the appropriate time. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995) (stating that discovery and admissibility under foreign law is not relevant to the Section 1782 analysis because foreign courts are more appropriately positioned to rule on these issues).

Thus, for the foregoing reasons, we respectfully request that the Court amend the Order and not require service of the Application and Order on Mr. Lescaudron. To the extent the Order contemplated service of the application on Credit Suisse AG in Switzerland, Ms. Kurbatova seeks to confirm that her purported methods of service and notice were acceptable.

Respectfully submitted,

s/__Steven Perlstein____
Steven W. Perlstein
Jonathan D. Cogan
Kelly Spatola
+1 212 488 1207

---

[4] To the extent that the Court has additional questions regarding Swiss law in this regard, Ms. Kurbatova can provide additional information from her Swiss counsel if the Court so requires.

[5] It is worth noting, however, that Rule 45 only requires service of the third-party subpoena on parties to the action "before it is served" on the subpoena target. Fed. R. Civ. P. 45(a)(4). Thus, service now, before the Court has even allowed Ms. Kurbatova to issue the subpoena, is arguably premature.