UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  1/22/19
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                    :
                                                    :
                                                    :
IN RE:                                              :   18-MC-469 (RA)
                                                    :
APPLICATION OF OLGA KURBATOVA FOR                   :
AN ORDER UNDER 28 U.S.C. § 1782 TO                  :   **JOINT STIPULATION AND**
TAKE DISCOVERY FROM LYXOR ASSET                     :   ~~[PROPOSED]~~ **PROTECTIVE ORDER**
MANAGEMENT INC. AND ELLIOT                          :
DANILOFF                                            :
                                                    :
                                                    :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WHEREAS, the applicant, Olga Kurbatova ("Kurbatova") has served a subpoena seeking

documents and testimony from respondent Lyxor Asset Management Inc. ("Lyxor") for use in the

following pending and contemplated foreign proceedings: (i) a Swiss criminal proceeding against

Patrice Lescaudron ("Lescaudron"); (ii) a Swiss criminal investigation against Credit Suisse

arising out of Lescaudron's alleged activities; (iii) a contemplated Swiss civil proceeding by

Kurbatova against Lescaudron; (iv) a Swiss criminal investigation regarding forgeries of Ms.

Kurbatova's signature purportedly as part of a fraudulent scheme; and (v) a contemplated Swiss

civil proceeding by Kurbatova against Credit Suisse (hereinafter collectively referred to as the

"Swiss proceedings").

WHEREAS, Lyxor believes that many of the requested documents are likely to be

confidential and has requested that such documents be treated as confidential by the parties.

WHEREAS, Kurbatova has agreed to treat the documents produced by Lyxor as

confidential, subject to the conditions listed below.

WHEREAS, Lyxor is prepared to produce otherwise confidential documents in response to Kurbatova's subpoena.

NOW, THEREFORE, it is STIPULATED AND AGREED as follows:

1. <u>Designation of Subpoena Materials as Confidential.</u> All documents produced in response to Kurbatova's subpoena, and any deposition testimony and deposition exhibits relating thereto, shall be subject to this Protective Order ("Order"), as set forth below:

a. The designation of information produced by Lyxor as confidential shall be made by placing or affixing on each page of the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Lyxor may designate material as confidential when it in good faith believes that the material contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information. Any such information designated as confidential by Lyxor shall be "Confidential Material" for the purposes of this Order. Lyxor shall assess the designation of documents as confidential on a document by document basis. The designation of Confidential Material shall be made prior to, or contemporaneously with, the production or disclosure of that information by Lyxor.

b. Portions of depositions of Lyxor's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

c. Confidential Material shall not be used or disclosed to anyone for any purposes, other than preparing for and conducting the Swiss proceedings (including appeals).

2

      d.     The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Material to any other person or entity, except that disclosures may be made in the following circumstances:

      i.     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the Swiss proceedings and this proceeding, provided such persons first execute a Non-Disclosure Agreement in the form annexed as Attachment A hereto.

      ii.     Disclosure may be made only to representatives and employees of a party required in good faith to provide assistance in the conduct of the Swiss proceedings, provided such persons first execute a Non-Disclosure Agreement in the form annexed as Attachment A hereto.

      iii.     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies or electronic copies of documents.

      iv.     Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the Swiss proceedings. Prior to disclosure to any expert, the expert must first execute a Non-Disclosure Agreement in the form annexed as Attachment A hereto.

      v.     Disclosure may be made to witnesses and deponents (and their counsel) during the course of any deposition or in-court examination or in preparation and/or proofing and the taking of evidence for the same in connection with the Swiss proceedings, to the extent such confidential material is relevant to the deposition, examination, proofing or other

3

taking of evidence and provided such persons first execute a Non-Disclosure Agreement in the form annexed as Attachment A hereto.

                vi.      Disclosure may be made to the Court (including any appellate court) and Court personnel in the Swiss proceedings. Nothing in this Order shall in any way limit the discretion of the Court in relation to the Confidential Material.

                vii.     Disclosure may be made in response to a subpoena or other civil process only as ordered by a court of competent jurisdiction. The party from whom such disclosure is sought shall notify in writing the other parties hereto as soon as reasonably practicable after receipt of such subpoena or civil process.

                e.      In the Swiss proceedings, Kurbatova shall, to the extent permitted under Swiss law, treat any Confidential documents and information produced by Lyxor in the same manner as set forth herein and shall seek appropriate confidentiality provisions with the Court to protect Lyxor Confidential Material.

                f.      Except as provided in subparagraph (d) above, counsel for the parties shall use reasonable endeavors to keep all Confidential Material secure.

    2.      Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion (including by motion brought in the trial court in which the Swiss proceeding is pending); however, the parties agree to confer with Lyxor in good-faith regarding any disputed designation prior to filing any such motion. Lyxor, in turn, agrees to consider in good-faith any request from the parties for the de-designation of documents previously designated as "CONFIDENTIAL."

    3.      Return of Confidential Material at Conclusion of the Swiss Proceedings. At the conclusion of the Swiss proceedings (including appeals), all Confidential Material not received in

4

evidence shall be returned to the originating party or destroyed, except to the extent that the parties or their counsel are required by law, regulation, professional standards, or compliance requirements to keep copies of the Confidential Material for any purpose. Notwithstanding the above, counsel for each of the parties shall be entitled to retain for their files copies of any attorney work-product which incorporate, refer to or contain any Confidential Material, provided that such Confidential Material remains subject to the terms and conditions of this Order.

4.      Confidential Material Already Disclosed or Available. Nothing in this Order shall apply to any information or Confidential Material:

a.      which at the time of its disclosure is in the public domain;

b.      which after disclosure comes into the public domain for any reason (including being referred to in open Court in the Swiss proceedings) except the failure on the part of any party, to comply with the terms of this Order;

c.      which was lawfully in the possession of a party prior to such disclosure;

d.      which is subsequently received by a party from a third party without obligations of confidentiality (and, for the avoidance of doubt, a party shall not be required to enquire whether there is a duty of confidentiality); or

e.      which a party is required to disclose by law or any regulatory or government authority.

5.      Use at Deposition, Evidentiary Hearing or Trial. Nothing herein shall prevent counsel from using any Confidential Material whether by reference to the Confidential Material or on direct or cross-examination at any deposition, evidentiary hearing, interim proceedings of whatever nature or trial in the Swiss proceedings.

5

6.     Amendment. The parties may seek to amend this protective order at a later date to the extent that other victims of Lescaudron wish to review any information produced pursuant to this order. The parties reserve all rights regarding any such amendment.

7.     No Waiver. Nothing contained herein shall be deemed or construed to restrict or prejudice in any manner the rights of any party to assert any applicable privilege, including, without limitation, attorney-client privilege, in this or any other proceeding.

AGREED TO BY:                                                      Dated January 17, 2019

**KOBRE & KIM LLP**

By: _____

Steven W. Perlstein
steven.perlstein@kobrekim.com
Jonathan D. Cogan
jonathan.cogan@kobrekim.com
Kelly Spatola
kelly.spatola@kobrekim.com
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Attorneys for Applicant*
*Olga Kurbatova*

**MAYER BROWN LLP**

By: _____

Christopher J. Houpt
choupt@mayerbrown.com
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

*Attorneys for Respondent*
*Lyxor Asset Management Inc.*

SO ORDERED.

_____

HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

1-22-19
DATE

6

## ATTACHMENT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :

IN RE:                               :   18-MC-469 (RA)

                                    :

APPLICATION OF OLGA KURBATOVA FOR  :
AN ORDER UNDER 28 U.S.C. § 1782 TO    :
TAKE DISCOVERY FROM LYXOR ASSET    :
MANAGEMENT INC. AND ELLIOT          :
DANILOFF                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NON-DISCLOSURE AGREEMENT

1. I have reviewed the Protective Order to which this Attachment A is annexed.
2. By my signature below, I agree to the terms of the Protective Order.

By _____
                      (Print Name)

_____
                     (Signature)

_____
                      (Date)